IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ALABAMA
WESTERN DIVISION

| | |
|---|---|
| UC ACQUISITION CORP., <br> d/b/a UNICARE, <br> <br>     Plaintiff, <br> <br> v. <br> <br> SALEM NURSING & REHAB <br> CENTER OF REFORM, INC <br> <br>     Defendant. | ) <br> ) <br> ) <br> ) <br> )   Case No.: 7:11-cv-01935-JEO <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## MEMORANDUM OPINION

This case is before the court on Plaintiff's Amended Motion for Default Judgment (doc. # 10), filed August 5, 2011. Having considered Plaintiff's motion and supporting affidavits, the court finds Plaintiff's Motion for Default Judgment (doc. # 10) is due to be granted.

**I.  PROCEDURAL HISTORY**

This case was filed on June 7, 2011 (doc. # 1) and Defendant was served with the summons and Complaint on June 9, 2011 (doc. # 4). Defendant's answer or other responsive pleading was due by June 30, 2011. However, neither was filed by July 18, 2011, when the court ordered Plaintiff to show cause why this case should not be dismissed for want of prosecution. (Doc. # 6). On August 5, 2011, Plaintiff filed its Application for Entry of Default (doc. # 8) and Motion for Default Judgment (doc. # 7). The Clerk entered a default against Defendant on August 8, 2011. (Doc. # 9). On August 23, 2011, Plaintiff filed its Amended Motion for Default Judgment (doc. # 10).

**II.  DISCUSSION**

Plaintiff's complaint alleges that on November 3, 1998, Plaintiff and Defendant entered

into an agreement whereby Plaintiff provided Defendant with certain pharmaceutical supplies. (Doc. #1 at ¶¶ 6-7). In consideration for Plaintiff providing Defendant with the pharmaceutical supplies, Defendant agreed to pay Plaintiff in accordance with the terms of the agreement. (Doc. # 1 at ¶ 8). The complaint alleges that Defendant has refused to pay for certain supplies and is obligated to Plaintiff in the amount of $234,900.51. (Doc. # 1 at ¶¶ 10-11; Doc. # 8-2 at ¶ 7). Plaintiff's complaint contains numerous counts, including breach of contract, that all seek "damages in amounts to be proven at trial, but not less than the Balance Due." (Doc. # 1 ¶¶ A-H).

Rule 55(b)(2) allows the court to enter a default judgment when the clerk has entered a default, and the party seeking judgment has applied to the court for a default judgment. To determine whether the moving party is actually entitled to a default judgment, the court must review the sufficiency of the complaint and its underlying merits. *See Stegeman v. Georgia*, 290 Fed. App'x 320, 323 (11th Cir. 2008) (citing *Nishimatsu Const. Co. v. Houston Nat'l Bank*, 515 F.2d 1200, 1206 (5th Cir. 1975)). Upon consideration of the pleadings and the findings of fact set forth above, the court finds that Plaintiff is entitled to the entry of a default judgment against Defendant in the amount of $234,900.51.

**DONE** this 24th day of August, 2011.

/s/ William M. Acker, Jr.
WILLIAM M. ACKER, JR.
UNITED STATES DISTRICT JUDGE

2